UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

TRACY LaMONTE' SKINNER,

   Plaintiff,

   v.

JEFF NINES, *Warden*, and
MARYLAND ATTORNEY GENERAL,

   Defendants.

Civil Action No. TDC-20-0652

**MEMORANDUM OPINION**

Tracy LaMonte' Skinner, an inmate presently confined at the North Branch Correctional Institution ("NBCI") in Cumberland, Maryland, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, in which he alleges that a revocation of diminution credits imposed at a hearing at which he was not present has effectively extended his period of incarceration and has thus violated of his right to due process under the Fourteenth Amendment. Respondents have filed an Answer seeking dismissal of the Petition, arguing that Skinner is lawfully incarcerated and has failed to exhaust state remedies. Also pending is Skinner's Motion for a Default Judgment.

The Petition is fully briefed, and the Court finds that no hearing is necessary. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; Local Rule 105.6; *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (stating that a petitioner is not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons set forth below, the Motion for Default Judgment will be DENIED, and the Petition will be DISMISSED.

**BACKGROUND**

In 2003, Skinner was convicted after a jury trial in the Circuit Court for Talbot County, Maryland ("the Circuit Court") of second-degree murder and sentenced to 30 years of imprisonment. The Court of Special Appeals of Maryland affirmed Skinner's conviction on direct appeal.

On June 1, 2013, Skinner, while incarcerated at the Patuxent Institution in Jessup, Maryland, was involved in a fight with correctional officers. Skinner was then served with a notice charging him with institutional rule violations, including assault or battery on correctional staff. At a hearing on June 5, 2013, the hearing officer determined that Skinner had "refused to come to his hearing to refute the charges." Mot. Default J. Ex. 1 at 11, ECF No. 4-2. The hearing officer concluded that the evidence against Skinner was credible and reliable, found him guilty of the charges, and sanctioned him with one year of disciplinary segregation and the revocation of 1,734 diminution of confinement credits.

On April 1, 2016, the Circuit Court held a hearing on a Petition for Post-Conviction Relief filed by Skinner in his underlying case. The Circuit Court denied the petition. Skinner did not file an application for leave to appeal the denial of post-conviction relief.

On March 15, 2018, Skinner pleaded guilty to second-degree assault on a prison employee in the Circuit Court for Allegany County, Maryland. He was sentenced to 30 days of imprisonment, to be served consecutively to the last sentence to expire of all of his outstanding and unserved Maryland sentences. As a result of this sentence, Skinner's maximum expiration date is now May 12, 2033. Skinner does not allege that this conviction and sentence are related to the 2013 incident at Patuxent Institution or the subsequent revocation of diminution credits.

On October 21, 2019, Skinner filed a state petition for a writ of habeas corpus in the Circuit Court for Allegany County in which he requested, among other relief, restoration of diminution credits, expungement of infractions for institutional rules violations, and a decrease in his security level. On November 21, 2019, that court denied the Petition, stating that Skinner's claims related to conditions of confinement and thus could not be presented in a state habeas petition.

## DISCUSSION

### I. Motion for a Default Judgment

Skinner filed the present Petition on March 9, 2020. On June 12, 2020, Skinner filed a Motion for a Default Judgment, on the grounds that Respondents did not file an Answer to the Petition by the Court's stated deadline of May 28, 2020. On April 10, 2020, due to the COVID-19 pandemic, the Court extended by 84 days all filing deadlines in all cases originally set to fall between March 16, 2020 and June 5, 2020. *See In Re Court Operations under the Exigent Circumstances Created by COVID-19*, No. 1:00-mc-00308, Standing Order 2020-07. Thus, Respondents' Answer, filed on August 20, 2020, was timely filed. The Motion for a Default Judgment will therefore be denied.

### II. Petition

In the Petition, Skinner alleges that his right to due process under the Fourteenth Amendment was violated because he was not allowed to attend his 2013 adjustment hearing at Patuxent Institution or to present evidence. As relief, Skinner seeks restoration of the revoked diminution credits and release from incarceration. He also asks this Court to reverse and expunge his institutional rule infractions and to order that his security classification be reduced to medium.

In their Answer, Respondents argue that Skinner remains lawfully incarcerated because even if he had his revoked diminution credits restored, he still would not be subject to immediate

release. Respondents further argue that Skinner has failed to properly exhaust state remedies for his claim. Based on records from the Maryland Department of Public Safety and Correctional Services, Skinner has a maximum expiration date of May 12, 2033, but with his current balance of diminution credits, his projected release date is March 11, 2032. Even with the restoration of the 1,734 diminution credits that Skinner claims were improperly revoked, his projected release date would be approximately May 10, 2027. Thus, Respondents are correct that Skinner remains lawfully imprisoned.

### A. Exhaustion of State Remedies

A Maryland state inmate may earn diminution credits to shorten his term of confinement. Md. Code Ann., Corr. Servs. § 3-702 (LexisNexis 2017). Diminution credits include good conduct credits, work credits, educational credits, and special project credits. *Id*. §§ 3-704 to -707. Good conduct and special project credits may be revoked if an inmate violates disciplinary rules. *Id*. § 3-709(a). When an inmate believes that there has been a wrongful denial of diminution credits, such that the restoration of credits would have resulted in immediate release or "in shortening the length" of the inmate's actual confinement in prison, a writ of habeas corpus is the "appropriate remedy." *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). Indeed, because "attacking the very duration of . . . physical confinement itself" is "within the core of habeas corpus," *id.* at 487-88, "[w]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus," *id.* at 500.

Generally, a federal court may not consider a state prisoner's petition for a writ of habeas corpus unless the prisoner has first exhausted available state remedies, including presenting the claim to the highest state court. *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000).

Specifically, courts require "exhaustion of alternative remedies before a prisoner can seek federal habeas relief" because a federal habeas petition "is the avenue of last resort." *Timms v. Johns*, 627 F.3d 525, 530-31 (4th Cir. 2010). The exhaustion requirement applies not only to state court proceedings, but also to available state administrative remedies. *Preiser*, 411 U.S. at 491-92. Here, Skinner filed a state Petition for a Writ of Habeas Corpus on this issue in the Circuit Court for Allegany County, which was denied. Skinner, however, has acknowledged that he did not seek leave to appeal the state court determination to the Court of Special Appeals. *See, e.g.*, *Jones v. Filbert*, 843 A.2d 908, 910 (Md. Ct. Spec. App. 2004) (considering an appeal from a decision on a state petition for a writ of habeas corpus relating to the failure to credit diminution of confinement credits). Because Skinner has failed to pursue his claim to the state's highest court with jurisdiction to hear it, he failed to exhaust available state remedies. *See Baker*, 220 F.3d at 288.

Although Skinner argues that state law does not provide an adequate remedy through a state habeas petition when the inmate is not yet entitled to immediate release, Maryland inmates may also challenge the revocation determination through administrative proceedings by filing a grievance with the Inmate Grievance Office ("IGO"), which may be referred to an administrative law judge with the Office of Administrative Hearings ("OAH"). Md. Code Ann., Corr. Servs. §§ 10-206 to -207. The OAH determination is deemed to be the decision of the Maryland Secretary of Public Safety and Correctional Services ("the Secretary"), unless the OAH grants the prisoner's claim, in which case the Secretary may affirm, reverse, or modify the OAH proposed order. *Id.* § 10-209. The prisoner may appeal the Secretary's decision to the relevant Maryland Circuit Court, and, if necessary, file an application for leave to appeal the decision of the Circuit Court to the Court of Special Appeals of Maryland. *See Adamson v. Corr. Med. Servs., Inc.*, 753 A.2d 501, 509-10 (Md. 2000); Md. Code Ann., Corr. Servs. §§ 10-201 to -210. If the Court of Special

Appeals grants the application for leave to appeal, but denies relief on the merits, the prisoner must also seek permission to appeal to the Court of Appeals of Maryland. *See Baker*, 220 F.3d at 288; Md. Code Ann., Cts. & Jud. Proc. §§ 12-201 to -202 (LexisNexis 2020). Although Skinner appears to have filed, in 2019, an Administrative Remedy Procedure complaint ("ARP") about his inability to appear at the 2013 hearing at which his diminution credits were revoked, that ARP was procedurally dismissed as untimely. Skinner then appealed the determination to the Commissioner of Correction, but he did not further appeal it to, or file a grievance on this issue with, the IGO. He therefore did not fully exhaust the full state administrative process. *See, e.g.*, *Gladhill v. Watson*, No. CCB-12-3004, 2013 WL 4603877, at *2, *4 (D. Md. Aug. 28, 2013) (dismissing a habeas petition challenging the revocation of diminution credits after a disciplinary hearing for failure to exhaust state remedies by pursuing state judicial review of the dismissal of the petitioner's IGO grievance); *see also Short v. Graham*, No. PX-17-1847, 2017 WL 5668196, at *2 (D. Md. Nov. 27, 2017) (noting that a habeas petition challenging the revocation of diminution credits after a disciplinary hearing was dismissed for failure to exhaust state remedies because the state court appeal of the denial of the petitioner's IGO grievance had not yet been resolved, but considering the petition after the resolution of the state court appeal).

Where Skinner has failed to exhaust available state remedies, the Petition will be dismissed without prejudice. *See Rose v. Lundy*, 455 U.S. 509, 520, 522 (1982) (holding that a federal habeas petition must be dismissed if state remedies were not exhausted).

### B.  Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the

applicant." Because the accompanying Order is a final order adverse to the applicant, a certificate of appealability must be issued before an appeal can proceed. 28 U.S.C. § 2253(c)(1) (2018).

A certificate of appealability may issue only if the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "jurists of reason could disagree with the district court's resolution of [the] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). When a petition is denied on procedural grounds, the petitioner may meet the standard by showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Id.*

Skinner's claims are dismissed on procedural grounds. Upon review of the record, this Court finds that Skinner has not made the requisite showing to warrant a certificate of appealability and therefore declines to issue one. Skinner may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).

## CONCLUSION

For the foregoing reasons, the Motion for a Default Judgment will be DENIED, and the Petition will be DISMISSED WITHOUT PREJUDICE. The Court declines to issue a certificate of appealability. A separate Order shall issue.

Date:  March 15, 2021                            /s/ *Theodore D. Chuang*
                                                                         THEODORE D. CHUANG
                                                                         United States District Judge